UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

KAREN I. TUCKER,

    Plaintiff,

v.

WILBER AND ASSOCIATES P.C.,

    Defendant.

Case No.3:21-cv-03191

## COMPLAINT

**NOW COMES** Plaintiff, KAREN I. TUCKER, by and through her undersigned counsel, complaining of Defendant, WILBER AND ASSOCIATES P.C., as follows:

### NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. KAREN I. TUCKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in New York.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. WILBER AND ASSOCIATES P.C. ("Defendant") is a third party debt collector and maintains its principal place of business at 210 Landmark Dr. Normal, IL 61761.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

1

## FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8122.

9. At all times relevant, Plaintiff's number ending in 8122 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

11. In or around April 2021, Plaintiff husband and neighbor hit each other same time reversing out of their driveways.

12. Police was called and determined it was a no fault accident.

13. In or around June 2021, Plaintiff received letter from State Farm insurance stating her neighbor has filed a claim.

14. On June 28, 2021, Plaintiff's husband received a letter from Defendant attempting to collect $684.68 ("subject debt").

15. Plaintiff extremely frustrated contacted her insurance company, Allstate, to file a claim and to deal with Defendant.

16. Plaintiff then was advised by Allstate to contact Defendant and notify them that New York is a "no fault state" and they should not be collecting this debt from them.

17. Defendant then notified Plaintiff that they don't care and the payment is due.

18. In or around July 2021, Plaintiff's husband on a business trip in Amsterdam, starting receiving collection calls from Defendant.

19. Soon thereafter Defendant began calling Plaintiff asking for her husband.

20. Plaintiff extremely aggravated notified Defendant to please stop harassing us and again informed Defendant that New York is a no fault state and informed Defendant that her insurance company is handling the matter.

21. Initially, Defendant stopped the collection calls; however, on July 21, 2021, Defendant started again placing collection calls to Plaintiff and her husband.

22. Despite Plaintiffs requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiffs cellular phone.

23. Plaintiff's request fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiff, including, but not limited to, calls from the phone numbers (800) 313-5169 and (309) 663-6700.

24. Each time Plaintiff answers a call from Defendant she is required to say hello prior to experiencing a significant pause and delay prior to a representative coming to the line.

25. In total, Defendant placed numerous harassing phone calls to Plaintiff after Plaintiff initially requested that Defendant cease contact with her.

## DAMAGES

26. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

27. Defendant's harassing calls have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required

to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

28.     Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

29.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30.     The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

31.     Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that allegedly owe Defendant and or Defendant's client money.

32.     Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

33.     Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

34. As pled above, Plaintiff revoked consent to be called on her cellular phone on during answered calls.

35. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

36. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

37. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

38. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

39. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

40. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, KAREN I. TUCKER, requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation to Plaintiff;

C. an award of treble damages of up to $1,500.00 for each and every violation to Plaintiff; and

D. an award of such other relief as this Court deems just and proper.

Date: August 31, 2021                                   Respectfully submitted,

**KAREN I. TUCKER**

By: */s/ Victor T. Metroff, Esq.*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com